IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Holly Mollet, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No.: 3:16-cv-293 |
| | ) |
| St. Joseph's Hospital Breese, of the Hospital | ) |
| Sisters of the Third Order of St. Francis d/b/a | ) |
| HSHS St. Joseph's Hospital Breese and | ) |
| Hospital Sisters Health System, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

NOW COMES the plaintiff, Holly Mollet, by Wham & Wham, her attorneys, and for her Complaint against the defendants, St. Joseph's Hospital Breese, of the Hospital Sisters of the Third Order of St. Francis d/b/a HSHS St. Joseph's Hospital Breese and Hospital Sisters Health System, states as follows:

## NATURE OF THE ACTION

1.      This complaint alleges two claims against the defendant: (1) a claim seeking money damages arising out of the defendants' retaliatory and discriminatory discharge of plaintiff's employment after plaintiff exercised her rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601-54; and (2) a claim seeking money damages arising out of defendants' retaliatory and discriminatory discharge of plaintiff's employment after plaintiff sought and received benefits under Illinois' Unemployment Insurance Act, 820 ILCS 405/100 et seq.

## THE PARTIES

2.      At all times herein, plaintiff, Holly Mollet, was a resident of Carlyle, Clinton County, Illinois, domiciled in Illinois and a citizen of the State of Illinois.

3. Defendant St. Joseph's Hospital Breese, of the Hospital Sisters of the Third Order of St. Francis is an Illinois corporation doing business as HSHS St. Joseph's Hospital (hereinafter referred to as "St. Joseph's Hospital"), the hospital in Breese, Illinois where plaintiff was employed.

4. Defendant Hospital Sisters Health System (hereinafter referred to as "HSHS") is an Illinois Corporation that provides labor and services to St. Joseph's Hospital, in addition to managing the operations of St. Joseph's Hospital, among other things.

## JURISDICTION

5. Jurisdiction of the court is based upon the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-54; and in particular, 29 U.S.C. §§ 2615. § 2617(a)(2) of the FMLA gives the district court jurisdiction to hear civil actions brought pursuant to § 2615 of the FMLA. In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

6. The court also has pendant jurisdiction over the state law claims asserted by plaintiff herein, pursuant to 29 U.S.C. § 1367.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the employment giving rise to the controversy occurred in Clinton County, Illinois, within this judicial district.

## FACTUAL BACKGROUND

8. On or about July 29, 2002, plaintiff became employed by HSHS and was assigned to work at St. Elizabeth's Hospital in Belleville, Illinois as a respiratory therapist.

2

9.      On or about March 22, 2011, plaintiff was transferred to work at St. Joseph's Hospital working in the same capacity.

10.     In the summers of 2014 and 2015, the defendant temporarily reduced the number of hours plaintiff was assigned to work, which, consequently, reduced plaintiff's employment income.

11.     The plaintiff sought unemployment benefits due to the temporary reduction in employment income in both 2014 and 2015.

12.     The defendant opposed plaintiff seeking unemployment benefits for her reduction in employment income in 2014 and 2015.

13.     Plaintiff was awarded unemployment benefits in 2014 and 2015 for her reduction in employment income over the defendants' objections.

14.     In June of 2015, plaintiff suffered a serious health condition, which entitled her to exercise her rights under the FMLA, and took approximately 6-8 weeks of leave from her employment as a result of her condition.

15.     On December 7, 2015, plaintiff's employment was terminated by defendants. The stated reason for termination was "excessive absences".

16.     Plaintiff's absences were not excessive and/or in violation of the policies and guidelines promulgated and adopted by the defendants.

<u>COUNT I</u>

17.     Plaintiff repeats and realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 16, herein.

18.     The defendants qualify as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that plaintiff is an "eligible employee" as that term is defined in the

FMLA, 29 U.S.C. § 2611(2).

19. Plaintiff had "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), in that she had a serious health condition that made her unable to perform the functions to the respiratory therapist position to which she was assigned.

20. Defendants have retaliated and discriminated against plaintiff for exercising her FMLA rights in violation of § 2615(a)(1) and § 2615(a)(2) of the FMLA, in that they have charged plaintiff with "excessive absences" due to leave taken pursuant to the FMLA.

21. As a proximate result of said retaliation and discrimination, plaintiff has been caused to lose wages and benefits that she otherwise would have earned and will continue into the future to lose wages and benefits.

22. Pursuant to 29 U.S.C. § 2617(a), the defendants are liable to plaintiff for lost wages and benefits, both past and future, along with interest upon such unpaid wages and benefits, in addition to all reasonable attorney's fees, expert witness fees and all other costs associated with this action. In addition to compensatory damages, plaintiff is also entitled to reinstatement of her employment at the same level of pay, seniority and benefits as was afforded prior to her termination.

WHEREFORE, the plaintiff prays this court enter judgment in her favor and against the defendants for unpaid wages and benefits, interest upon said unpaid wages and benefits, liquidated damages and all other compensatory damages in the maximum amounts allowed under § 2617 of the FMLA, and, further, for other relief including reinstatement of employment, as well as her attorneys' fees, expert witness fees and all other costs associated with this lawsuit, in addition to all other relied this court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY

4

## COUNT II

23.     Plaintiff repeats and realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 22, herein.

24.     Defendants' stated basis for termination was merely a pretext for her discharge and the true reason for said discharge is that, in addition to exercising her rights under the FMLA, plaintiff asserted and prevailed upon claims for unemployment benefits against defendants, in spite of defendants' opposition to such claims.

25.      Illinois public policy prohibits employers from taking retaliatory and discriminatory actions against its employees for seeking benefits under Illinois Unemployment Insurance Act, 820 ILCS 405/100 et seq.

26.     As a proximate result of said retaliation and discrimination, plaintiff has been caused to lose wages and benefits that she otherwise would have earned and will continue into the future to lose wages and benefits. In addition thereto, plaintiff has endured pain, suffering, humiliation and emotional distress as a proximate result of her wrongful termination.

27.     The defendants are liable to plaintiff for lost wages and benefits, both past and future, along with interest upon such unpaid wages and benefits, in addition to other compensatory damages for the pain, suffering, humiliation and emotional distress plaintiff has been caused to endure as a proximate result of the defendants' retaliatory and discriminatory acts.

28.     That the aforesaid acts of the defendants were malicious and oppressive and, in order to deter defendants from future conduct of such nature, plaintiff claims, in addition to compensatory damages, that punitive damages should be awarded to plaintiff.

WHEREFORE, the plaintiff prays for judgment in her favor and against defendants for

back pay and benefits, as well as for compensatory and punitive damages and, further, for other relief including front pay and benefits, as well as her attorneys' fees and costs and all other relief this court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

s/ Ryan D. Rich

Daniel R. Price                IL #6188928
Ryan D. Rich                   IL #6306824
*ATTORNEYS FOR PLAINTIFF,*
*OWNERS INSURANCE COMPANY*

WHAM & WHAM ATTORNEYS
212 East Broadway, P.O. Box 549
Centralia, Illinois  62801
Phone: (618) 532-5621
Fax: (618) 532-5055
Email: rdrwhamlawyers@aol.com