IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Holly Mollet, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:16-cv-00293-MJR-DGW |
| ) | |
| St. Joseph's Hospital Breese, of the Hospital ) | |
| Sisters of The Third Order of St. Francis ) | |
| d/b/a HSHS St. Joseph's Hospital Breese ) | |
| and Hospital Sisters Health System, ) | |
| ) | |
| Defendants. ) | |

**STIPULATED PROTECTIVE ORDER**

The parties having stipulated to the entry hereof, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED AS FOLLOWS:

1. The following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

2. This Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a) Any documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; contractual agreements; compensation of current or former personnel of Defendant(s); policies, procedures and/or training materials of Defendant(s); and/or the organizational structure of Defendant(s);

(b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor of Defendant(s);

(c) Any documents relating to the medical and/or health information of any of the current or former employees or contractors of Defendant(s);

(d) Any documents relating to the employee benefits received by current or former employees or contractors of Defendant(s);

(e) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Each Defendant will use its best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

    (d)  Deponents during the course of their depositions or potential witnesses of this case; and

    (e)  The parties to this litigation, their officers and professional employees.

    (f)  The Court and related personnel.

  6.  Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order. Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

  7.  If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may seek a telephonic discovery dispute conference with the Court. No motion shall be filed unless ordered by the Court. The information shall continue to have Confidential status during the pendency of any such conference/motion.

  8.  No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

9.     All information produced in this action pursuant to this Order shall be used only for purposes of this litigation and not for any other purpose.  Documents, information or materials designated as Confidential may be filed with the Court. Should any party have good cause to seal from public view any Confidential Information that is filed with the Court, that party must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown and if consistent with the U.S. Court of Appeals for the Seventh Circuit decisions in *Union Oil Co. of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000) and *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).

10.    Nothing in this Order shall prevent either party from using any information classified as Confidential at trial, during a hearing, or similar proceedings in this action only. However, Plaintiff and Defendants (or the party that designated the Confidential Information in question) may request that the portion of the proceedings where said use is made shall be in camera and that the transcript of that portion of the proceeding be maintained under seal in accordance with paragraph 9 hereof, with access thereto limited to Court personnel and persons entitled to access under this Order.

11.    The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

12.    Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

13. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

14. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

**I STIPULATE TO THE ENTRY OF THE ABOVE ORDER**.

| **Holly Mollet** | **St. Joseph's Hospital Breese, of the Hospital Sisters of The Third Order of St. Francis d/b/a HSHS St. Joseph's Hospital Breese and Hospital Sisters Health System** |
|---|---|
| By: /s/ with consent Ryan D. Rich | |
| Ryan D. Rich (ARDC#6306824) | |
| Wham & Wham Lawyers | |
| 212 East Broadway, P.O. Box 549 | By: /s/ Kelly A. Petrocelli |
| Centralia, Illinois | Stephanie Dodge Gournis (ARDC#6215978) |
| Phone: (618) 532-5621 | Kelly A. Petrocelli (ARDC #6278266) |
| Fax: (618) 532-5055 | Drinker Biddle & Reath LLP |
| Email: rdrwhamlawyers@aol.com | 191 N. Wacker Drive, Suite 3700 |
| | Chicago, IL 60606-1698 |
| *Counsel for Plaintiff* | Phone: (312) 569-1000 |
| | Fax: (312) 569-3330 |
| | E-mail: stephanie.gournis@dbr.com |
| | E-mail: kelly.petrocelli@dbr.com |
| | |
| | *Counsel for Defendants* |

**IT IS SO ORDERED**
**DATED:**

*(signature)*

**DONALD G. WILKERSON**
**United States Magistrate Judge**